**State v. Ulrich**
**Case No. CA-7905**
**Stark County (5th)**
**Decided February 12, 1990**
[Cite as 1 AOA 179]

*For Plaintiff-Appellee: Rebecca Parms, Assistant Law Director, 470 E. Market, Alliance, OH 44601,*

*For Defendant-Appellant: Robert G. Lavery, 120*

*S. Union Ave., Alliance, OH 44401.*

SMART, J.

This is an appeal from a judgment that convicted and sentenced defendant-appellant Paul Christopher Ulrich (appellant) for violation of R.C. §4511.19(A) (1), operating a motor vehicle under the influence of alcohol.

It appears that appellant was driving his vehicle eastbound when it left the road, overturned, and finally came to rest on its passenger's side facing westbound. Appellant was taken to a local hospital where a blood alcohol test was taken. The result was .06 of one percent by weight of alcohol in his blood. He was cited on a Uniform Traffic Ticket as "operating a motor vehicle under the influence of alcohol and/or drugs in violation of R.C. §4511.19(A) (2)." He pled no contest to the charge, his counsel representing that he was not guilty as a matter of law. The trial court proceeded to find him guilty of violation of R.C. §4511.19(A) (1) without a motion by the prosecutor to amend the indictment.

Appellant assigns five errors to the trial court:

*ASSIGNMENT OF ERROR NO. I.*
THE TRIAL COURT ERRED IN AMENDING THE CHARGE UNDER 4511.19(A) (1) AND 4511.19(A) (2) ABSENT A MOTION BY THE STATE PRIOR TO APPELLANTS CHANGE OF PLEA.

*ASSIGNMENT OF ERROR NO. II.*
THE TRIAL COURT ERRED IN REQUIRING THE APPELLANT TO FILE A MOTION REQUIRING APPELLEE TO ELECT, PRIOR TO ENTERING HIS PLEA, SINCE THERE WAS ONLY ONE SECTION EVER CHARGED.

*ASSIGNMENT OF ERROR NO. III.*
THE TRIAL COURT ERRED IN CONSIDERING OTHER COMPETENT EVIDENCE AS TO A CHARGE UNDER 4511.19(A) (2).

*ASSIGNMENT OF ERROR NO. IV.*
THE TRIAL COURT ERRED IN FINDING THE APPELLANT GUILTY BECAUSE THE EVIDENCE PRESENTED WAS INSUFFICIENT.

*ASSIGNMENT OF ERROR NO. V.*

THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY WITHOUT THE REQUISITE PROOF OF DRIVING WITHIN THE STATE OF OHIO.

I. III. & IV.
R.C.§4511.19(A) states in pertinent part:

(A) No person shall operate any vehicle, street-car, or trackless trolley within this state, if any of the following apply:
(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
(2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;

The trial court found that the language in the Uniform Traffic Ticket constituted violations of both sections of the statute. We do not agree. Each section contains separate elements constituting the crimes.

It was obviously a proper defense strategy for appellant to plead no contest to a violation of (A)(2) given this set of circumstances. For the trial court to *sua sponte* amend the charge against appellant after the plea was entered, and to hold appellant to that no contest plea, violates the principles of notice and due process. Certainly, appellant had no opportunity to make a knowing, voluntary, and informed plea under these circumstances, see Crim. R. 11(D).

The first, third and fourth assignments of error are sustained.

II.
In the trial court's judgment entry of conviction and sentencing, it noted that appellant filed no motion requesting that the state be required to elect under which subsection of the statute it would proceed.

Appellant correctly points out that the state only charged him under one section. We agree that under these circumstances appellant was not required to move the court to require the State to elect, and further that the State had for all intent and purposes already elected to proceed under that section and only that section.

The second assignment of error is sustained.

V.
In his last assignment of error, the appellant argues that there was no evidence

presented regarding venue. The uniform Traffic Ticket states:

> ... In the Township of Marlboro, Stark County, State of Ohio ...

Appellant's plea of no contest disposes of this issue; it is an admission of the proper venue.

The fifth assignment of error is overruled.

For the foregoing reasons, the judgment of the Municipal Court of Alliance, Stark County, Ohio is reversed, and final judgment of acquittal is entered herein in accord with App. R. 12(B).

PUTMAN, P.J., and GWIN J. Concur.